**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN W. MCGILL,

    *Plaintiff,*

v.

GARY LANIGAN,

    *Defendant.*

Civil Action No. 13-7386 (JMV)

**OPINION AND ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of a motion for reconsideration by Plaintiff John W. McGill ("Plaintiff" or "McGill"). D.E. 50. Plaintiff objects to the Court's October 3, 2017 Opinion and Order granting for summary judgment for Defendant Gary Lanigan ("Defendant" or "Lanigan"). D.E. 46, 47. Defendant filed a brief in opposition. D.E. 52. The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiff's motion for reconsideration is **DENIED**.

**I.    BACKGROUND**

In his suit, Plaintiff claimed that conditions in East Jersey State Prison caused him to contract Bell's palsy. In granting Defendant's motion for summary judgment, the Court found that Plaintiff failed to raise any issue of material fact regarding the cause of his Bell's palsy because he could not identify credible evidence as to the cause of his condition. D.E. 46 at 15 (finding that

"Plaintiff's conjecture about the potential causes of his Bell's palsy is not enough to show that there is a genuine issue of material fact as to causation").

Plaintiff filed the instant motion on November 2, 2017. D.E. 50 ("Pl. Motion"). Plaintiff stylizes his motion as a "Motion to Alter or Amend the Judgment" pursuant to Rule 59(e). *See* Pl. Motion at 2; 50-1 ("Pl. Br."). The Court issued a text order on December 18, 2017 stating, in part, that "[i]n light of Plaintiff's status as a *pro se* litigant, the Court shall construe Plaintiff's submission as a motion for reconsideration." D.E. 51; *see Gonzalez v. Crosby*, 545 U.S. 524, 527 (2005) (finding that "[a]lthough the title "Motion to Alter or Amend Judgment" suggests that petitioner was relying on Federal Rule of Civil Procedure 59(e), the substance of the motion made clear that petitioner sought relief under Rule 60(b)(6)"). Accordingly, the Court considers Plaintiff's motion as a motion for reconsideration under Local Civil Rule 7.1(i).

Plaintiff argues that the Court's judgment should be altered on the following grounds: (1) Plaintiff was not provided "*pro bono* counsel," (2) the lack of counsel "was material to the outcome of this case," (3) the Court should have informed Plaintiff that he was responsible for procuring an expert to support his claims, (4) Defendant failed to disclose discoverable material,[1] and (5) the existence of newly discovered evidence. Pl. Motion at 2-6.

## II. LEGAL STANDARD

### A. Motion for Reconsideration

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the

---

[1] The Court notes that Plaintiff mentions in his motion that he was "not satisfied with the defendant's response to his request for discovery" and planned to request additional discovery. Pl. Motion at 4. However, Plaintiff does not substantively support this argument in his brief. *See* Pl. Br. In any event, Plaintiff's claim that he planned to ask for additional discovery is not a valid ground for reconsideration under Local Civil Rule 7.1(i).

2

entry of an order. Plaintiff did not comply with this time requirement. Nevertheless, the Court will consider the motion in light of Plaintiff's *pro se* status.

Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Allowing a motion for reconsideration to go forward is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted).

A motion for reconsideration does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

### III. LEGAL ANALYSIS

#### A. Plaintiff's Lack of Counsel

Plaintiff first argues that he should have been provided counsel and that his lack of counsel was material to the unsuccessful outcome of his case. Relatedly, Plaintiff contends that the Court should have either provided an expert or alerted Plaintiff that an expert was necessary for his claims.

"In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel." *Lozada v. Casale*, No. 13-2090, 2013 WL 6635846, at *1 (D.N.J. Dec. 16, 2013) (citing *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997)). "Nevertheless, Congress has granted district courts statutory authority to 'request' appointed counsel for indigent civil litigants." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing 28 U.S.C. § 1915(e)(1)). The Third Circuit has "interpreted § 1915 as affording district courts 'broad discretion' to determine whether appointment of counsel in a civil case would be appropriate." *Montgomery*, 294 F.3d at 498 (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).

In *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), the Third Circuit provided a list of criteria for district courts to weigh when considering whether the appointment of counsel for an indigent litigant is appropriate. As a threshold inquiry, a district court must find that the claimant's case has some arguable merit in fact and law. *Id.* at 155; *see also Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002). Once the court finds that a plaintiff meets that threshold, the court will consider six additional factors.[2] *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-56). As explained below, Plaintiff failed to meet the threshold requirement.

Plaintiff's previous request for counsel was denied by Magistrate Judge Mannion on November 11, 2015 after a thorough examination of the *Tabron* factors. D.E. 20. Plaintiff did not

---

[2] These factors are:
  1. the plaintiff's ability to present his or her own case;
  2. the difficulty of the particular legal issues;
  3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
  4. the plaintiff's capacity to retain counsel on his or her own behalf;
  5. the extent to which a case is likely to turn on credibility determinations, and;
  6. whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-56).

seek reconsideration of Judge Mannion's decision. The Court did not address appointment of an attorney or an expert in the Court's October 3, 2017 Opinion and Order because the issue had not been raised by Plaintiff. Nevertheless, because the Plaintiff was proceeding *pro se*, the Court undertook independent research to determine whether the appointment of counsel or an expert would have been appropriate.

The Court concluded that Plaintiff did not meet the threshold *Tabron* requirement that he bring an arguably meritorious claim. Plaintiff's Section 1983 claims required a showing of actual and proximate causation – i.e. that the conditions of his detention in East Jersey State Prison caused his Bell's palsy. The Court engaged in research, outside of the motion papers, and concluded that the unanimous view of the medical community is that there is no known cause of Bell's palsy.[3] In other words, appointing either counsel or, more importantly, an expert, would not have aided Plaintiff because it does not appear that the medical community is aware of the cause of Bell's palsy. If the medical literature had indicated that Bell's palsy could potentially be caused by the conditions (including mold) asserted by Plaintiff, the Court would have *sua sponte* considered the

---

[3] *See, e.g.*, Bell's Palsy Fact Sheet, National Institute of Neurological Disorders and Stroke, *available at* https://www.ninds.nih.gov/Disorders/Patient-Caregiver-Education/Fact-Sheets/Bells-Palsy-Fact-Sheet (last visited Apr. 13, 2018) ("Bell's palsy occurs when the nerve that controls the facial muscles is swollen, inflamed, or compressed, resulting in facial weakness or paralysis. *Exactly what causes this damage, however, is unknown.*" (emphasis added)); Bell's palsy, Mayo Foundation for Medical Education and Research, *available at* https://www.mayoclinic.org/diseases-conditions/bells-palsy/symptoms-causes/syc-20370028 (last visited Apr. 13, 2018) ("*The exact cause [of Bell's palsy] is unknown*, but it's believed to be the result of swelling and inflammation of the nerve that controls the muscles on one side of your face. It *may be* a reaction that occurs after a viral infection." (emphases added)); Bell's Palsy, Johns Hopkins Medicine Health Library, *available at* https://www.hopkinsmedicine.org/healthlibrary/conditions/nervous_system_disorders/bells_palsy_85,P00774 (last visited Apr. 13, 2018) ("*The cause of Bell's palsy is unknown* but is thought to be caused by inflammation affecting the body's immune system." (emphasis added)).

appointment of counsel and an expert. Yet, the Court could find no support for this conclusion, and Plaintiff has not pointed to any contrary authority concerning the cause of Bell's palsy.

In addition, the Court did not have any responsibility to alert Plaintiff that he may need an expert to support his claims. Nevertheless, Plaintiff was on notice. Judge Mannion indicated to Plaintiff in his Order denying Plaintiff's request for counsel that "[g]iven the nature of Mr. McGill's allegations, it appears likely that his claims would require expert medical testimony to determine the source and cause of his personal injury." D.E. 20. More importantly, as described above, no expert would be able to provide Plaintiff with testimony that his Bell's palsy was caused by the specific conditions at East Jersey State Prison because there is no known cause of Bell's palsy.

### B. New Evidence

Lastly, Plaintiff argues that there is previously unavailable evidence that calls for reconsideration of the Court's Opinion and Order. Specifically, Plaintiff claims that on October 18, 2017, 15 days after the Court's Opinion and Order,

> the plaintiff observed a crew of outside workers removing and replacing the roof on a building inside of East Jersey State Prison known as two-wing. Work on this project had been postponed, and prior to its beginning the plaintiff saw a crew of workers wearing haz-mat clothing inside of the prison heading in the direction of two-wing. After seeing the haz-mat crew, there was an occasion where a lieutenant asked the prisoners on two-Up [sic] for volunteers to remove bags of waste that were stored in the attic of two-wing. It was shortly after these events that work began on the roof. From these facts the plaintiff knew the hazardous material crew was there to eliminate the health risk, and other adverse conditions, on two-wing that posed a threat to the other work crew.... Also the plaintiff knew the trash the lieutenant asked for volunteers to remove was left there by the haz-mat crew.

D.E. 50-1 at 5. Plaintiff included allegations of hazardous conditions in his Amended Complaint. *See* D.E. 2. In his Amended Complaint, Plaintiff alleged that there were hazardous conditions in

the dormitory, including black mold, green mold, and pink fungus. *Id*. at 8-9. He also claimed that bird feces would enter the dormitory's living area through a leak in the roof. *Id* at 9. Plaintiff claimed that these conditions caused his Bell's palsy.

"'[N]ew evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). Plaintiff's new evidence is similar to the evidence already considered by the Court. More importantly, Plaintiff's proffered new evidence does not aid Plaintiff in overcoming the reason summary judgment was granted: proximate causation. Plaintiff will not be able to show causation with any new evidence unless there is a fundamental change in the medical consensus that there is no known cause of Bell's palsy.

For these reasons, Plaintiff's motion for reconsideration is denied.

### IV. **CONCLUSION**

Accordingly, for the reasons set forth above, and for good cause shown,

**IT IS** on this 13th day of April, 2018,

**ORDERED** that Plaintiff's motion for reconsideration (D.E. 50) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall close this matter; and it is further

**ORDERED** that the Clerk of the Court mail a copy of the Opinion and Order to Plaintiff by regular mail and by certified mail return receipt.

Dated: April 13, 2018

John Michael Vazquez, U.S.D.J.

7